**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reuben James Thompson, | No. CV-13-01342-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| John M. McHugh, Secretary of the Army | |
| Defendant. | |

Before the Court are Defendant's Motion for Summary Judgment (Doc. 101), Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 103), Plaintiff's Response to Defendant's Statement of Facts to Discredit Defendant's Motion for Summary Judgment (Doc. 104) and Defendant's Reply (Doc. 112).  For the reasons that follow, Defendant's Motion will be granted.

**I.      SUMMARY JUDGMENT STANDARD**

A motion for summary judgment tests whether the opposing party has sufficient evidence to merit a trial.  At its core it questions whether sufficient evidence exists from which a reasonable jury could find in favor of the party opposing the motion.  Summary judgment should be granted if the evidence reveals no genuine dispute about any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

A material fact is one that might affect the outcome of the suit under the governing law, and a factual issue is genuine "if the evidence is such that a reasonable jury could return

1    a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

2    (1986). The nonmoving party must produce evidence to support its claim or defense by

3    more than simply showing "there is some metaphysical doubt as to the material facts."

4    *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Court

5    must view the evidence in the light most favorable to the nonmoving party, must not weigh

6    the evidence or assess its credibility, and must draw all justifiable inferences in favor of the

7    nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000);

8    *Anderson*, 477 U.S. at 255. Where the record, taken as a whole, could not lead a rational

9    trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita*,

10   475 U.S. at 587.

11

12   **II.    LEGAL ANALYSIS**

13   **A.    Title VII**

14   "In order to prevail in a Title VII case, the plaintiff must establish a prima facie

15   case of discrimination." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir.

16   2003). "If the plaintiff succeeds in doing so, then the burden shifts to the defendant to

17   articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory

18   conduct." *Id.* "If the defendant provides such a reason, the burden shifts back to the

19   plaintiff to show that the employer's reason is a pretext for discrimination." *Id.* "The

20   prima facie case may be based either on … more direct evidence of discriminatory intent"

21   or on "a presumption arising from" a four-factor test established by the Supreme Court in

22   *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973): (1) the plaintiff belongs to a

23   protected class, (2) he was qualified for the position, (3) he suffered an adverse

24   employment action, and (4) "other employees with qualifications similar to [his] own

25   were treated more favorably." *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220

26   (9th Cir. 1998) (citations and internal quotation marks omitted). "Direct evidence is

27   evidence which, if believed, proves the fact [of discriminatory animus] without inference

28

1    or presumption."  *Vasquez*, 349 F.3d at 640 (alteration in original) (citation and internal

2    quotation marks omitted).

3          Plaintiff has not adduced any direct evidence of discrimination regarding his

4    termination.  In his Amended Complaint, Plaintiff alleges several of his co-workers and

5    supervisors made racially insensitive comments during the course of his employment,

6    such as expressing surprise that a black employee "could have so much education and

7    experience" and telling Plaintiff, on his first day, that "he sounds white over the phone."

8    Doc. 26 at 2.  But in opposing a motion for summary judgment, the "nonmoving party

9    may not rely merely on the unsupported or conclusory allegations of [his] pleadings."

10   *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 769 (9th Cir. 1987) (citing Fed.

11   R. Civ. P. 56(e)).  Rather, a "party asserting that a fact cannot be or is genuinely disputed

12   must support the assertion" either by "citing to particular parts of materials in the record"

13   or by "showing that the materials cited do not establish the absence or presence of a

14   genuine dispute, or that an adverse party cannot produce admissible evidence to support

15   the fact."  Fed. R. Civ. P. 56(c).  Plaintiff has done neither.  Moreover, none of the

16   comments Plaintiff alleges in his Amended Complaint was made by Troy Olson, the

17   supervisor who recommended Plaintiff's termination, or Richard Fontanilla, who

18   authored the Notice of Decision in Plaintiff's case.  *See* Doc. 26 at 2; Doc. 102-1 at 6-8.

19   If Plaintiff can make out a prima facie case of discrimination, then, it must be through

20   reliance on the *McDonnell Douglas* factors.

21         Defendant concedes that Plaintiff satisfies the first three requirements of the

22   *McDonnell Douglas* test.  To satisfy the final requirement, Plaintiff must show that other

23   employees, to whom he was "similarly situated … in all material respects," received

24   more favorable treatment.  *See Zeinali v. Raytheon Co.*, 636 F.3d 544, 554 (9th Cir. 2011)

25   (citation omitted).  If Plaintiff cannot make such a showing, his prima facie case fails, and

26   summary judgment is appropriate.  *Moran v. Selig*, 447 F.3d 748, 756-57 (9th Cir. 2006).

27   Here, Plaintiff has brought forward no evidence from discovery that suggests—nor did he

28   even allege in his Amended Complaint—that other of Defendant's employees, who were

1   similarly situated to Plaintiff, received more favorable treatment.   Indeed, the record is

2   completely devoid of accounts of other employees whom Defendant treated differently

3   under analogous circumstances.  Because Plaintiff has not shown his treatment differed in

4   any way from Defendant's treatment of other employees, he has not established a prima

5   facie case of discrimination.

6        Even if Plaintiff could make a prima facie showing, his Title VII claim still would

7   not survive summary judgment.    Defendant has "articulate[d] a legitimate,

8   nondiscriminatory reason for its allegedly discriminatory conduct," *Vasquez*, 349 F.3d at

9   640, namely Plaintiff's arrest for marijuana possession in February 2011 and his prior

10   suspension for public intoxication in Afghanistan.  Possession of marijuana is illegal

11   under federal law, *see* 21 U.S.C. § 844(a), and Plaintiff does not dispute that, on

12   numerous occasions between December 2010 and April 2011, he possessed the drug

13   while driving a government vehicle, Doc. 102-2 at 91-92.  It is irrelevant that Plaintiff

14   claims to need marijuana for medical reasons.  Under the Supremacy Clause, federal law,

15   which prohibits possession of marijuana without making any exception for medicinal use,

16   trumps any state laws permitting a patient to possess marijuana when prescribed by a

17   doctor.  *See United States v. $186,416.00 in United States Currency*, 590 F.3d 942, 945

18   (9th Cir. 2010) ("The federal government has not recognized a legitimate medical use for

19   marijuana, however, and there is no exception for medical marijuana distribution or

20   possession under the federal Controlled Substances Act." (citations omitted)).  Therefore

21   neither Plaintiff's California medical-marijuana card, nor his Arizona card—for which

22   the requisite doctor's recommendation was issued *after* his February 2011 arrest, Doc.

23   102-1 at 20—renders illegitimate Defendant's proffered explanation for Plaintiff's

24   adverse employment action.

25        Defendant having offered a nondiscriminatory reason for its termination of

26   Plaintiff, the burden shifts back to Plaintiff to show that Defendant's explanation is a

27   "pretext for discrimination." *Vasquez*, 349 F.3d at 640.  "[A] plaintiff can prove pretext

28   in two ways: (1) *indirectly*, by showing that the employer's proffered explanation is

1   'unworthy of credence' because it is internally inconsistent or otherwise not believable,

2   or (2) *directly*, by showing that unlawful discrimination more likely motivated the

3   employer." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1170 (9th Cir. 2007) (alteration and

4   emphasis in original) (citations and internal quotation marks omitted).  Plaintiff has not

5   carried his burden.  He has produced no direct evidence that Defendant acted out of

6   discriminatory motive and has not shown that Defendant's proffered explanation is

7   "internally inconsistent or otherwise not believable."  As a result, Defendant is entitled to

8   summary judgment on Plaintiff's Title VII claim.

9

10          **B.       Disability Discrimination**

11          Plaintiff also seeks damages under the Americans with Disabilities Act, which

12   does not cover employees of federal agencies.  *See Daniels v. Chertoff*, No. CV 06-2891-

13   PHX-JAT, 2007 U.S. Dist. LEXIS 28750, at *8-9 (D. Ariz. Apr. 17, 2007) ("[F]ederal

14   courts have concluded that the ADA provides no remedy to federal employees." (citing

15   42 U.S.C. § 12111(5)(B)(i))).  Plaintiff's disability discrimination claim will therefore be

16   treated as one arising under the Rehabilitation Act, which is "the exclusive remedy for

17   handicap discrimination claims by federal employees."  *Miller v. Olesiuk*, No. C-13-

18   01856 EDL, 2013 U.S. Dist. LEXIS 121222, at *22 (N.D. Cal. Aug. 26, 2013) (internal

19   quotation marks omitted) (citing *Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir.

20   1989)).  The nature of Plaintiff's discrimination claim is unclear from the Amended

21   Complaint.  Because the Amended Complaint at no point suggests that Defendant failed

22   to provide a requested reasonable accommodation, the Court construes Plaintiff's claim

23   to "allege discrimination based on discriminatory intent."  *Smith v. Barton*, 914 F.2d

24   1330, 1339 (9th Cir. 1990).  To survive summary judgment in such a case, the plaintiff

25   must make a prima facie showing that he suffered an adverse employment action "under

26   circumstances indicating discrimination on the basis of an impermissible factor."  *See id.*

27   at 1340 (citation and internal quotation marks omitted).  "Thereafter, the burden shifts to

28   the defendant to rebut the presumption of discrimination by coming forward with

1   evidence that the plaintiff [suffered the adverse employment action] for a legitimate,
2   nondiscriminatory reason." *Id.* "If the defendant does so, the burden then shifts back to
3   the plaintiffs to demonstrate the proffered reason was not the true reason for the decision
4   or that it encompassed unjustified consideration of the handicap itself, i.e., that the
5   articulated reason is a pretext." *Id.* (citation omitted).

6       Assuming without deciding that Plaintiff is disabled within the meaning of the
7   Rehabilitation Act, and that he can make out a prima facie case of discrimination,
8   Defendant has nevertheless produced evidence that Plaintiff was terminated for a
9   "legitimate, nondiscriminatory reason," i.e., his possession of illegal narcotics and
10  previous discipline in Afghanistan. Plaintiff has not carried his burden of demonstrating
11  that Defendant's stated reason is pretextual. Indeed, nothing in the record, or even in
12  Plaintiff's pleadings, suggests Defendant engaged in "discriminatory treatment caused by
13  overt prejudices." *Id.* at 1339.

14      IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment
15  (Doc. 101) is granted.

16      IT IS FURTHER ORDERED that the Clerk shall enter judgment in favor of
17  Defendants and that Plaintiff take nothing.

18      Dated this 17th day of October, 2014.

19

20

21  _____
22      Neil V. Wake
23      United States District Judge

24

25

26

27

28